## ALLOWANCE OF ALIMONY FOR SAME AGGRESSIONS FOR WHICH DIVORCE WAS DENIED.

Circuit Court of Cuyahoga County.

JAMES CULLEN v. NELLIE CULLEN.

Decided, January 18, 1904.

*Alimony—Res Adjudicata—When Decree on Application for Divorce and Alimony is Not a Bar to Subsequent Action for Alimony.*

The dismissal of a petition for divorce and alimony based upon charges of extreme cruelty and gross neglect of duty is not a bar to an action for alimony and support of a child, even though based upon the same acts of cruelty and neglect set forth in the first petition, where there is a further allegation that those acts have resulted in a separation and that the plaintiff and the child are destitute and not in good health.

WINCH, J.; HALE, J., and MARVIN, J., concur.

Error to the court of common pleas.

The only error complained of in this case is the granting of a motion made by defendant in error, who was plaintiff below, for an allowance to her of temporary alimony for her sustenance and the support of her minor child and for fees for her attorneys.

The bill of exceptions shows that the only evidence presented at the hearing of the motion was the petition in the case which was sworn to as an affidavit, the answer, which was likewise verified, the petition in a former action for a divorce between the parties and the decree rendered in the former action. From this evidence it appears that on March 31, 1902, Nellie Cullen filed her petition against James Cullen praying for a divorce and alimony and alleging as her grounds therefor gross neglect of duty and extreme cruelty. October 12th, 1902, the case was heard and the court found that plaintiff was not entitled to the divorce and alimony prayed for, and dismissed her petition. Four days later she filed another petition praying for alimony alone, setting up the facts which may be said to amount to gross

neglect of duty, extreme cruelty and that there was a separation in consequence of ill-treatment on the part of her husband. The answer, in addition to denying the allegations of the petition, pleads the former adjudication as a bar to the last suit.

Counsel for plaintiff in error, in support of the plea of former adjudication, cite the case of *Petersine* v. *Thomas,* 28 O. S., 596, an alimony case wherein it was held:

"When a matter is finally determined in an action between the same parties, by a competent tribunal, it is to be considered at an end, not only as to what was determined, but also as to every other question which the parties might have litigated in the case."

Counsel for defendant in error urges that the case at bar does not come within the doctrine of *Petersine* v. *Thomas*; that the first action brought by Nellie Cullen was for divorce and alimony, alleging two of the grounds therefor mentioned in Section 5689, Revised Statutes, and the second action is for alimony only, under Section 5702, Revised Statutes, setting up a separation in consequence of ill-treatment on the part of the husband, which is not a ground for divorce and could not have been pleaded or proved under the first petition. On this point we do not agree with counsel for defendant in error. In the case of *Graves* v. *Graves*, 50 O. S., 196, the plaintiff asked for divorce and alimony, alleging extreme cruelty as her grounds for divorce. The common pleas court found that she had not sustained the allegations of her petition, denied her divorce, but finding that she had sufficient cause to leave her husband, and was still living separate and apart, awarded her alimony. The Supreme Court held that this proceeding and judgment was fully authorized by the statutes of Ohio. So it appears that in Nellie Cullen's first action for divorce and alimony she might have been awarded alimony because of the separation caused by ill-treatment of her husband, if the court had found her entitled to it.

It remains therefore to compare the two petitions to see if there are any allegations in the last of matters arising since the filing of the first petition, for if any new causes of action have

arisen since the filing of the first petition, they would not be barred by the former judgment.

Such comparison shows clearly that all acts of the husband which might constitute gross neglect of duty, extreme cruelty or ill-treatment causing separation, occurred before the filing of the first petition, for in the second petition it is alleged that the separation occurred on March 27, 1902, four days before the first petition was filed.

But, we find the following allegations in the last petition that are not in the first:

"Plaintiff has no money or property whatever and is depending on the charity of her relatives for her support. Her health is not good and she is unable to earn support for her child and herself. The said boy, Edwin, has also poor health and frequently needs the service of a physician which plaintiff is unable to furnish."

*Non constat*, but that all these conditions arose after termination of the former action. The verbs are in the present tense. If the wife's ill-health and inability to support herself and child and the child's health and need of special care developed after the first hearing they could not have been presented at the former trial. Such being the case, she should now have opportunity to present these facts, as they bear upon the question as to whether she is entitled to alimony, and would at least entitle her to a hearing under Section 5703, Revised Statutes, which says:

"The court *shall,* upon satisfactory proof of any or all of the charges in the petition make such order for the maintenance of the children of such marriage, if there are any, as is just and reasonable."

It does not appear that any order with respect to the child was asked for, granted or refused under the first petition.

Again, the merits of the case were not before the trial judge on this application for alimony *pendente lite* and the order complained of includes an allowance for the support of the child. Section 5701, Revised Statutes, provides that the court may grant an allowance for the support of minor children depend-

ent upon either party for support and not provided for by such party during the pendency of the action.

There was proof on the hearing of this motion that the boy, Edwin, is not being supported by his father, whose duty it is to support him. The order was that the defendant pay to plaintiff's attorney $25 as attorney fee and to plaintiff $5 per week for support of herself and child. The attorney fee has been paid. There was no such error in the exercise of the discretion of the court in the weekly allowance to require this court to reverse said order.

Judgment affirmed.